# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

MECCA TAURICE EVANS,           )
#13507-171,                    )
                               )   CIVIL ACTION NO. 9:13-2798-RMG-BM
                Petitioner,    )
                               )
v.                             )   **REPORT AND RECOMMENDATION**
                               )
ATTORNEY GENERAL FOR THE       )
STATE OF SOUTH CAROLINA,       )
                               )
                Respondent.    )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on October 7, 2013.[1]

The Respondent filed a return and motion for summary judgment on June 4, 2014. As the Petitioner is proceeding pro se, a Roseboro order was filed on June 5, 2014, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a reply on June 13, 2014 and response in opposition on July 14, 2014.

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

1



This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in Florence County in June 2003 for distribution of crack cocaine [Indictment No. 03-GS-22-815]. See Respondent's Exhibit One, pp. 3-4. Petitioner was represented by counsel[3], and entered a guilty plea on August 5, 2003 to the lesser offense of distribution of cocaine (powder) non-violent pursuant to S.C. Code § 44-53-370(b)(1). See Respondent's Exhibit One, p. 5. Petitioner was thereafter sentenced to ten (10) years imprisonment on the charge, provided that upon service of 205 days, the balance was suspended with probation for three (3) years. Id. Petitioner did not appeal his conviction and/or sentence, or file a post-conviction relief action. According to the South Carolina Department of Probation Parole and Pardon Services, the Petitioner completed the required period of probation on December 17, 2004. See Respondent's Exhibit 2.

Petitioner does assert that he filed a writ of coram nobis in the Court of General Sessions in Georgetown County which he claims the Court denied on August 5, 2003. See Petition, pp. 6-7. Petitioner contends that he appealed the August 5, 2003 denial to the South Carolina Supreme Court, but not until October 12, 2012. See Response in Opposition to Summary Judgment, p. 3. A June 6, 2013 Order from the State Supreme Court pursuant to Key v. Currie, 406 S.E.2d 356 (S.C. 1991), found no extraordinary reason existed to entertain original jurisdiction for several cases,

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Counsel's name is not legible from his signature on the document submitted. See Court Docket No. 19-1, p. 5.



which included People of Georgetown County v. Mecca Taurice Evans, Petition for a Writ of Mandamus dated April 27, 2013[4], Appellate Case No. 2013-000943.  See Attachment to Complaint.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds for relief:

> Jurisdictional Defect, No Jurisdiction, which is in violation of Article 3 and 6 of the Constitution, and a breach of the Treaty of Peace and Friendship of 1787.

See Petition, p. 6.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto,  405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

---

[4]Petitioner offers no explanation for the difference in the date he asserts that he filed his appeal on October 12, 2012 and the reference in the state Supreme Court's order to the petition being dated April 27, 2013.  However, for purposes of this Report and Recommendation, even using Petitioner's earlier asserted date, he is not entitled to relief.  See Petition, pp. 6-7 & attachment; see also discussion, infra.



**I.**

First, Petitioner must be in state custody to bring a § 2254 petition. Garcon v. Florida, No. 13-12463, 2014 WL 3044345 at * 1 (11th Cir. 2014)(citing Medberry v. Crosby, 351 F.3d 1049, 1060 (11thCir. 2003)). Petitioner's sentence was completed on or about December 17, 2004. See Respondent's Exhibit 2. Since Petitioner is no longer in state custody, he cannot seek relief under § 2254. Id. (quoting Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000)(per curiam)["[A] petitioner who challenges an expired state sentence that was used to enhance his current federal sentence must bring his suit under 28 U.S.C. § 2255."]. Therefore, this petition should be dismissed for lack of subject matter jurisdiction. Williams v. Lappin, No. 99-6028, 2000 WL 1175668 at * 1 (9th Cir. Aug. 18, 2000)[dismissing for lack of subject matter jurisdiction where Petitioner is no longer in custody under the state court conviction which he is contesting because of its use to enhance his federal sentence]; Saulter v. Tennessee, No. 13-1415, 2014 WL 1665069 at ** 3-4 (M.D.Tenn. Apr. 25, 2014)[same]; Tapanes v. McNeil, No. 1-21887, 2011 WL 677418 at ** 1-3 (S.D.Fla. Jan. 19, 2011)[same], adopted by, 2011 WL 675423 (S.D.Fla. Feb. 16, 2011); Roebuck v. Lindsay, No. 06-3945, 2007 WL 2571619 at ** 1-3 (E.D.Penn. Aug. 31, 2007)[same]; Monroe v. Hogsten, No. 06-1888, 2007 WL 928476 at ** 1-2 (D.N.J. Mar. 27, 2007)[same]; Mitchell v. People of the State of Michigan, No. 02-71572, 2002 WL 1880395 at * 3 (E.D.Mich. July 31, 2002)[same].

**II.**

Additionally, even assuming arguendo that this Petition was not otherwise barred, Respondent correctly argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the



AEDPA,[5] and runs, under 28 U.S.C. § 2244(d)(1), from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, § 2244(d)(2) provides that,

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

This Petition falls under § 2244(d)(1)(A). Since Petitioner did not appeal his conviction or sentence, his state court convictions became final on August 15, 2003, ten (10) days after his guilty plea. See SCACR Rule 203(b)(2); see also Crawley v. Catoe, 257 S.E.2d 395, 398 (4th Cir. 2001). By the time Petitioner filed his alleged belated appeal of his writ of coram nobis at the earliest on October 12, 2012[6], over nine years of non-tolled time had passed since his conviction had become final. Further, even assuming that this appeal qualified as a properly filed petition, the filing of that appeal did not restart the federal statute of limitations, which in this case had already

---

[5]Antiterrorism and Effective Death Penalty Act of 1996.

[6]The Respondent points out that Rule 60, S.C.R.Civ.P., states that a writ of coram nobis has been abolished. See Respondent's Memorandum in Support of Summary Judgment, p. 3. Even assuming arguendo, which the Court does not find, that Petitioner's alleged writ of coram nobis was a properly filed petition and denied on August 5, 2003, it would not provide any relief to the time bar since those proceedings were also concluded in 2003.



expired over nine (9) years prior to Petitioner's alleged appeal having been filed. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]. Therefore, Petitioner failed to timely file this federal petition, and he is barred from seeking federal habeas relief. Artuz v. Bennett, supra; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

Finally, Petitioner argues that the statute of limitation should not be allowed to be enforced in a habeas action, and that he didn't know that his state court conviction would have collateral consequences until it was used to enhance his federal court sentence. However, that argument has been considered by numerous other courts and been found not to provide a basis for Petitioner to overcome the time bar in this case. Saulter, 2014 Wl 1665069 at * 5 [finding no subject matter where petitioner was not still in custody for state court conviction being challenged, and finding, in the alternative, that the petition would have been time barred]; Tapanes, 2011 WL 677418 at ** 4-5 [same]; Roebuck, 2007 WL 2571619 at ** 3-5 [same]; Monroe, 2007 WL 928476 at ** 3 [same]; Mitchell, 2002 WL 1880395 at * 3 [same].

Therefore, Petitioner failed to timely file this federal petition, and he is also barred since he does not satisfy the "in custody" requirement of § 2254.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 5, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

8

