IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mecca Taurice Evans, #13507-171, ) | Civil Action No. 9:13-cv-2798-RMG |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Attorney General for the State of South ) | |
| Carolina, ) | |
| Respondent ) | |
| ) | |

This matter is before the Court on Respondent's Motion for Summary Judgment. (Dkt. No. 20). As explained herein, the Court adopts the Magistrate's Report and Recommendation ("R&R") (Dkt. No. 26) and GRANTS Respondent's motion.

### I. Background

Petitioner Mecca Taurice Evans is presently incarcerated at the Federal Medical Center in Butner, North Carolina, a correctional facility operated by the Federal Bureau of Prisons for inmates with special health needs. Respondent has presented evidence, and Petitioner does not dispute, that Evans pled guilty in state court in 2003 to a charge of distributing powder cocaine, and was sentenced to ten years, with credit for time served and the remainder of the sentence suspended with probation for three years. He completed his period of probation on December 17, 2004. (Dkt. No. 19 at 1-2; Dkt. No. 19-1).

Petitioner filed this Section 2254 Petition on October 15, 2013, attacking the 2003 conviction for a number of reasons, including a "jurisdictional defect . . . which is in violation of Article[s] 3 and 6 of the Constitution, and a breach of the Treaty of Peace and Friendship of

1787." Respondent filed a return and motion for summary judgment on June 4, 2014. Petitioner filed a reply and a response in opposition to the return, and the Magistrate Judge issued an R&R recommending that the petition be dismissed on August 5, 2014. Petitioner filed an objection to the R&R on November 9, 2014 (Dkt. No. 32).

## II. Discussion

### A. Summary Judgment Standard of Review

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made.

### B. Federal Habeas Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s standard for review of federal habeas corpus claims is a difficult one for a petitioning prisoner to meet. Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 786 (2011) (citation omitted).

### C. Bars to Habeas Analyzed in the R&R

3

After review of the record, the R&R, and Petitioner's objections, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and wholly adopts the R&R as the order of the Court.

Petitioner is barred from pursuing his claims in this court for two important reasons: First, he is not presently being held by the State of South Carolina, and habeas petitions under 28 U.S.C. § 2254 are only available to persons "in custody pursuant to the judgment of a State court." *Id*; R&R at 6. Second, his state court conviction became final on August 15, 2003, and his one-year statute of limitations has long since passed. *E.g.*, R&R at 5-6. The Court therefore adopts the R&R in whole and dismisses the petition.

### D. Petitioner's Objection

Petitioner filed a thirty page objection to the R&R. (Dkt. No. 24). However, most of the objections listed do not address the fact that Petitioner's state conviction became final more than ten years ago, meaning that his petition is time barred, or the fact that he is no longer being held by the State of South Carolina, meaning that a writ of habeas attacking his past state conviction, without reference to his present federal sentence, gives the Court no legal basis on which to grant relief.

To the extent Petitioner fails to point to a specific error in the R & R and simply makes conclusory objections, the Court need not conduct a *de novo* review. *Smith v. Washington Mut. Bank FA*, 308 Fed.Appx. 707, 708 (4th Cir. 2009) ("The court need not conduct de novo review . . . 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'") (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982)). Many of the objections presented by Petitioner do not even rise to the level of conclusions, as they are irrelevant to the habeas petition (for

4

example, Petitioner makes arguments referencing the 11th Amendment, the Naturalization Act, and the alleged wrongful act of the "FOREIGN STATE" in placing Petitioner's name in all caps, Dkt. No. 24 at 3; 5-9).

Petitioner does argue that despite no longer being in state custody, he is still entitled to legal relief pursuant to the "Writ of Error Coram Nobis," which is "typically available only, when habeas relief is unwarranted because the petitioner is no longer in custody" but "continues to suffer legal consequences from his conviction." (Dkt. No. 24 at 1). The writ of coram nobis is no longer available in federal court for civil actions, because it was abolished by Federal Rule of Civil Procedure 60(e) ("The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.")  In other words, the Court does not have available to it the relief that Petitioner is requesting. As to the fact that his petition is time barred, Petitioner argues that the "prejudice from the [state] conviction did not affect him until he was convicted on the Federal charges." (Dkt. No. 24 at 2). Be that as it may, a petitioner must actually be in state custody, not merely suffering the effects of past state custody, in order to bring a § 2254 petition. (R&R at 4-6); *e.g. Garcon v. Florida*, 571 Fed. App'x. 782, 783 (2014).

The Court finds that Petitioner has not raised a genuine issue of material fact that could create a dispute as to whether a writ of habeas corpus is merited in this case. Therefore, Respondent's Motion for Summary Judgment is hereby granted.

### III. Conclusion

A review of the record indicates that the Magistrate Judge's report accurately states the case and the applicable law.  For the reasons articulated by the Magistrate Judge, Defendants'

5

Motion for Summary Judgment (Dkt. No. 22) is **GRANTED** and the habeas petition is dismissed.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Judge

October 2, 2014
Charleston, South Carolina

6